UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

FEI LI,

Defendant.

05-CR-579

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Fei Li was originally sentenced by this court on July 10, 2007 to one month of imprisonment and a lifetime of supervised release following his conviction for Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). A $100 special assessment was imposed. The Probation Department was to closely supervise the defendant for five years, at the end of which the probation department could recommend to either modify the level of supervision or terminated supervised release totally.

On October 28, 2011, Lopez pled guilty to a single charge of violation of a condition of supervised release. The charge alleged that on July 27, 2010, and thereafter, Li violated the standard condition of supervision that "the offender shall report to the probation officer." At the hearing held on October 28, 2011, both the defendant and the government agreed that Li's relationship with probation had deteriorated. Defendant has previously been found guilty of several prior violations of supervised release.

The instant violation was classified as a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). The defendant's criminal history category at the time he was originally sentenced was I, yielding a guidelines range of imprisonment for the violation of between three to nine months. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment for the violation was two years. 18 U.S.C. § 3583(e)(2).

On October 28, 2011, Li was discharged from supervised release as unimproved. Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Li's mental state seems to have improved significantly since his sentencing. He appears less depressed and more assertive. He is currently volunteering at the campaign office of a presidential candidate, working at the phone bank. He reported to the court that he intends to find a paying job and to locate a private clinic to continue his mental health treatment. *See* Tr. of Hr'g for Violation of Supervised Release, Oct. 28, 2011 (discussing extensively the current condition of the defendant).

Li's present activities are positive. Incarceration would put an end to them. If he were sentenced within the guidelines range, it is unlikely that he would receive any mental health treatment due to the short term of incarceration. He has already served considerable time being punished for his recalcitrance while on supervised release. At this time, it is possible that the defendant may make improve more rapidly in the absence of federal supervision.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: October 28, 2011
　　　　Brooklyn, New York